UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action No. 14-67-HRW

ANTHONY DRURY, PLAINTIFF,

v.   MEMORANDUM OPINION AND ORDER

EASTERN KENTUCKY
CORRECTIONAL FACILITY, *et al.*, DEFENDANTS.

This matter is before the Court upon the Defendants' Motion to Dismiss [Docket No. 6]. The motion has been fully briefed [Docket Nos. 7 and 8]. For the reasons set forth below, the Court finds that the Complaint fails to state a claim upon which relief may be granted and, a such, dismissal is warranted.

I.   FACTUAL AND PROCEDURAL BACKGROUND

This civil action arises during the time Plaintiff was incarcerated at the Eastern Kentucky Correction Complex ("EKCC") in West Liberty, Kentucky. In his Complaint, Plaintiff alleges:

> 1. On January 23, 2013, Anthony Drury was an inmate placed in the Maximum Assault Segregation Unit in Eastern Kentucky Correctional Facility in West Liberty, Ky.
> 2. On January 23, 2013, Anthony Drury was brutally attacked by another inmate during his shower. The institution followed a policy of handcuffing inmates assigned to the Maximum Assault Unit to a shower bar while they showered.
> 3. The inmates were housed in separate stalls, but the stalls had doors on them. More than one inmate showered at a time.
> 4. On January 23, 2013, the inmate showering in the stall next to Anthony Drury somehow slipped out of his handcuff and produced a razor lined "shank". He then proceeded to come into Drury's stall and viciously attacked Drury with the weapon, who was still handcuffed to the bar in the shower.

> 5. The guards were not watching the men as they took their showers. By the time that the guards became aware of what was happening, Anthony Drury had been stabbed approximately 80 times over his whole body.
> 6. Anthony Drury endured approximately 80 staples and sutures as treatment for his injuries.

[Docket No. 1].

He further alleges that he instigated a grievance with regard to the practice of chaining inmates to the shower walls, which was denied. [Docket No. 1 at ¶¶ 8-9]. He appealed. *Id.* at ¶ 10. On appeal, the decision was reversed and the Commissioner of Corrections for the State of the Kentucky mandated that the procedure be stopped immediately. *Id.* at ¶ 11. Drury alleged, however, that he "continued to be handcuffed to a bar in the shower until he was transferred to "Big Sandy" correctional facility sometime during the end of April 2013/beginning of May 2013." *Id.* at ¶ 12.

Drury filed this civil action pursuant to 28 U.S.C. § 1983. Specifically, he alleges that by failing to follow the directive of the Commissioner, the Defendant Warden "act[ed] with deliberate indifference to Mr. Drury's constitutional Eighth Amendment Right against cruel and unusual punishment." *Id.* at ¶ 15. He seeks compensatory as well as punitive damages.

Defendants seek dismissal of all claims alleged herein.

## II.  STANDARD OF REVIEW

The purpose of a motion to dismiss is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief. *See, Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir. 1993). For purposes of dismissal pursuant to Fed. R. Civ. P 12(b)(6), the complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true.

*Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). A complaint will be dismissed if there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint. Because a motion to dismiss is based solely upon the complaint, the focus is on whether the plaintiff is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail. *See, Roth Steel Prods v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).

### III. ANALYSIS

Defendants argue that dismissal is required as Plaintiff's Complaint is barred by the statute of limitations.

The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir.1990). Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir.1984). Federal law establishes that a § 1983 cause of action accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir.2001).

Defendants argue that as Plaintiff was transferred from the Eastern Kentucky Correctional Complex on April 16, 2013, which is more than a year prior to the date he filed the Complaint - April 19, 2014. As such, the Complaint is time-barred.

In his response to Defendants' dispositive motion, Plaintiff maintains that because his

3

Complaint alleges a "continuing failure to act", the course of conduct falls within the statute. He argues:

> On April 19, 2013, Mr. Drury could not take a shower without being handcuffed to a bar on the shower wall. Every time he was forced to shower restrained, he relived the incident of January 23, 2013. Therefore, this action accrued during the time period after Mr. Beckstrom got the order from the commissioner and continued until Mr. Drury was transferred from EKCC, after April 19, 2013. Therefore, the violation giving rise to Mr. Drury's 8th amendment §1983 claim was ongoing and still occurring within a year prior to the date that the complaint in this matter was filed.

[Docket No. 7 at p. 4].

However, as Defendants point out, the Plaintiff was not chained to a shower wall at EKCC on or after April 19, 2014. Indeed, he has not taken a shower at EKCC since April 16, 2014, at the latest, because on that day, he was transferred from EKCC. Nor would he would have any way of knowing if inmates were handcuffed to the wall in showers at EKCC on or after April 19, 2013, because he was not there on April 19, 2013 or any day after that. Therefore, the Complaint fails to does not pass Rule 12(b)(6) muster as it does not contain any facts which state a claim to relief that is plausible on its face.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Docket No. 6] be **SUSTAINED** and that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE.**

This 26TH day Of November, 2014.



Signed By:
*Henry R. Wilhoit, Jr.*
**United States District Judge**